COURT OF CHANCERY
OF THE
STATE OF DELAWARE

CHRISTIAN DOUGLAS WRIGHT
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

January 30, 2026

Michael W. Teichman, Esquire
Kashif Chowdhry, Esquire
William J. Kassab, Esquire
Parkowski, Guerke & Swayze, P.A.
909 Silver Lake Blvd., 1st Floor
Dover, DE 19904

Alexandra D. Rogin, Esquire
Paul S. Seward, Esquire
Eckert Seamans Cherin & Mellott LLC
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801

Re: *Zeta Med Device Fund LLC v. NVS Med Inc., et al.*,
C.A. No. 2025-0170-CDW

Dear Counsel:

I write regarding plaintiff's request for leave to move for partial summary judgment.[1] Defendants oppose the request.[2] Although not contemplated by the scheduling order,[3] plaintiff submitted a short reply directed to a purportedly new issue raised in defendants' opposition.[4]

Summary judgment may be appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a

---

[1] Dkt. 29.

[2] Dkt. 31.

[3] *See* Dkt. 22 ¶ 7.

[4] Dkt. 32.

matter of law."[5]  A party does not have a "right" to summary judgment.[6]

"[T]he court may, in its discretion, deny summary judgment if it decides that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application."[7]

I view motions for partial summary judgment with a jaundiced eye.  Too often they fail to conserve judicial resources in a meaningful fashion.  After all, only partial judgment is at stake—a case is going to trial however the court resolves the motion.  So it is incumbent on the party seeking leave to move for partial summary judgment to explain how partial summary judgment will simplify this case.

Plaintiff says partial summary judgment will "significantly conserv[e] judicial resources[,]"[8] but it does not explain how.  Plaintiff does not even assure the court that early summary judgment will help the parties narrow the issues before trial.  Instead, "may assist" is the most it offers.[9]  There is no

---

[5] Ct. Ch. R. 56(c).

[6] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002) (citations omitted).

[7] *In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) (citations omitted).  *See also The Williams Cos. v. Energy Transfer LP*, 2020 WL 3581095, at *11 (Del. Ch. July 2, 2020) ("[T]he court in its discretion may determine that a trial record is necessary in the interests of justice.").

[8] Dkt. 29 at 1–2.

[9] *Id.* at 2.

discussion, for example, about document or deposition discovery that will be avoided.

I am also of the view that defendants' statement in their opposition—for the first time, according to plaintiff—that plaintiff has no right to payment under the Notes "because the Notes were converted to common stock"[10] counsels *against* granting leave, not for it as plaintiff argues.[11]  If there is no evidence this conversion happened, as plaintiff contends,[12] it is self-evident some discovery is needed.  Plaintiff's assertion that the issue "can be readily determined, without further discovery"[13] is unavailing.

For these reasons, I deny plaintiff leave to move for partial summary judgment.  IT IS SO ORDERED.

Very truly yours,

/s/ *Christian Douglas Wright*

Magistrate in Chancery

CDW/slk

---

[10] Dkt. 31 at 4.

[11] Dkt. 32 at 2–3.

[12] *Id.*

[13] *Id.* at 3.